UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANTHONY BOWDEN,
    *Plaintiff*,

v.

LIEUTENANT WILLIAMS, *et al.*,
    *Defendants*.

No. 3:18-cv-01698 (JAM)

**INITIAL REVIEW ORDER PURSUANT TO 28 U.S.C. § 1915A**

Plaintiff Anthony Bowden is a prisoner in the custody of the Connecticut Department of Correction at McDougall-Walker Correctional Institution in Suffield, Connecticut. He has filed a complaint *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983 alleging that prison officials were deliberately indifferent to his safety and serious needs, all stemming from an assault on Bowden by another prison inmate. For the following reasons, I will dismiss Bowden's complaint without prejudice to filing an amended complaint.

### BACKGROUND

The following facts are alleged in the complaint and are accepted as true only for purposes of this initial ruling. On January 13, 2016, Bowden was placed in a cell with restraints on his hands, and then another inmate Deleo, who was a white racist gang member, was put in the cell without restraints. Doc. #1 at 7 (¶ 1). Deleo assaulted Bowden, who sustained numerous injuries to his eyes, face, mouth, wrists, and fingers. *Ibid.* (¶¶ 1–2). Bowden now experiences head pain, cannot feel his fingers, and undergoes significant mental anguish. *Id.* at 7–8 (¶¶ 2, 4). Bowden alleges that all the defendants who placed him in the cell with Deleo did so "knowing that the plaintiff faced a substantial risk of serious harm and [disregarding] that risk by failing to take reasonable measures to abate it," *ibid.* (¶ 4), while acting "rashly, recklessly and with

1

wanton disregard of the plaintiff's rights," *id.* at 8 (¶ 6). In his prayer for relief, Bowden discusses the need to see an eye specialist and orthopedist for his ongoing pain, and appears to mention that he has been moved to other institutions instead of receiving medical care. *Id.* at 9 (¶¶ H–K).

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner's civil complaint against a governmental entity or governmental actors and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." If the prisoner is proceeding *pro se*, the allegations of the complaint must be read liberally to raise the strongest arguments that they suggest. *See Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010).

In recent years, the Supreme Court has set forth a threshold "plausibility" pleading standard for courts to evaluate the adequacy of allegations in federal court complaints. A complaint must allege enough facts—as distinct from legal conclusions—that give rise to plausible grounds for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Notwithstanding the rule of liberal interpretation of a *pro se* complaint, a *pro se* complaint may not survive dismissal if its factual allegations do not meet the basic plausibility standard. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

*Deliberate indifference to safety*

"A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). As the Supreme Court has explained, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. A claim of deliberate indifference to a prisoner's health or safety requires a showing of more than mere negligence; instead, the prison official must be shown to have known of and disregarded an excessive risk to inmate health or safety. *See Jabbar v. Fischer*, 683 F.3d 54, 57 (2d Cir. 2012) (*per curiam*).

Notwithstanding Bowden's allegations of severe injuries from the attack by Deleo, Bowden has not alleged any facts—as distinct from legal conclusions—to show that any of the defendants *knew* about the risk that Deleo posed to Bowden. Indeed, the incident reports that Bowden attaches to his complaint describe how correctional officers on the scene immediately intervened to help Bowden. Doc. #1 at 19–21, 28. Absent more facts concerning defendants' prior knowledge of any risk that Deleo would attack Bowden, Bowden's conclusory and "[t]hreadbare recital of the elements of [the] cause of action" for deliberate indifference to safety cannot sustain his claim. *Iqbal*, 556 U.S. at 678.

*Deliberate indifference to serious medical needs*

While many of the relevant facts appear to be alleged in the prayer for relief, it may also be the case that Bowden is attempting to state an Eighth Amendment claim for deliberate

3

indifference to his serious medical needs. Bowden alleges that he has serious and ongoing injuries, and rather than receive medical care for those injuries, he has been moved between institutions. Doc. #1 at 7, 9 (¶¶ 2, H–K). A prison official's deliberate indifference to the safety or serious medical needs of a prisoner violates the Eighth Amendment. *See Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013). But in order for a deliberate indifference claim to succeed, there must be a prison official who acted deliberately indifferently. *See ibid.* While Bowden alleges injuries and a lack of care that might be sufficient to support a claim for deliberate indifference, he does not indicate who, if anyone, knew about the medical risks to him and failed to act on them as a result of deliberate indifference. Nor does he allege facts to suggest deliberate indifference, rather than a difference of opinion about treatment or simple medical negligence. Accordingly, I will dismiss Bowden's claims at this time because he has not alleged facts that give rise to plausible grounds for relief against any of the defendants he has named in this action.

## CONCLUSION

For the foregoing reasons, Bowden's complaint is DISMISSED without prejudice. Bowden may file a motion to reopen along with an amended complaint within 30 days by **February 4, 2019** that cures the factual deficiencies identified in this ruling and alleges facts sufficient to show that each defendant violated his constitutional rights. The Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven this 3d day of January 2019.

/s/*Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge